# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANDRE HERRING-DANCY, Individually And On Behalf Of All Others, <br><br> Plaintiffs, <br><br> v. <br><br> EVOLUTION CONSULTING, LLC, <br><br> Defendant. | Case No.: 5:23-cv-06038 |

## DEFENDANT EVOLUTION CONSULTING, LLC'S NOTICE OF REMOVAL

COMES NOW Defendant, Evolution Consulting, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446 and 1453, and hereby files this Notice of Removal of the instant action based upon federal question jurisdiction, the diversity of the parties and subject matter jurisdiction pursuant to the Class Action Fairness Act. In support of this Notice, Defendant states as follows:

1. On or about January 18, 2022, Plaintiff commenced an action in the Circuit Court of Clinton County, Missouri, styled *Andre Herring-Dancy, individually and on behalf of all others v. Evolution Consulting, LLC*, and bearing Case No. 23CN-CC00003. A copy of Plaintiff's Petition and all other papers filed in the state court action are attached hereto and incorporated herein as **Exhibit A**.

2. Defendant was served with the summons and Petition on February 14, 2023. Therefore, this Notice of Removal is filed within 30 days of service upon Defendant and is timely filed. 28 U.S.C. § 1446.

3. Removal is warranted under 28 U.S.C. § 1331 because the Petition asserts claims arising under 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA").

4. Removal is warranted under 28 U.S.C. § 1332(a) because the parties are citizens of different States and the amount in controversy exceeds the sum of $75,000.

5. Removal is also warranted under 28 U.S.C. § 1332(d), also known as the Class Action Fairness Act of 2005 ("CAFA") because the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity.

6. In accordance with 28 U.S.C. § 1446(a), the documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders served on Defendant prior to the removal of this action.

## I. Jurisdictional Basis for Removal – Federal Question

7. Plaintiff's petition asserts claims against Defendant arising under 15 U.S.C. § 1681e, 15 U.S.C. § 1681b(b)(1) of the FCRA.

8. Plaintiff alleges that he suffered an adverse action from a prospective employer as a result of inaccurate and misleading information contained within a Consumer Report furnished by Defendant. (Petition, ¶¶ 20-21)

9. Claims alleging injury arising from a violation of the FCRA are properly subject to an exercise of federal question jurisdiction. *See e.g. Alame v. Mergers*, No. 5:17-CV-06066-BCW, 2017 WL 4167454, at *1 (W.D. Mo. Sept. 19, 2017).

## II. Jurisdictional Basis for Removal – Diversity Jurisdiction

10. Plaintiff is an individual and a resident and citizen of the State of Missouri (Petition, ¶ 9).

11. Defendant Evolution Consulting, LLC is a limited liability company with its principal place of business in New York. (**Exhibit B**, **Declaration of Anthony Elwood**). An LLC's citizenship, for diversity jurisdiction purposes, is that of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

12. Evolution Consulting has a single member, who is a citizen of the State of Florida. (Exhibit B).

13. As an LLC whose sole member is a citizen of Florida, Evolution Consulting, LLC is deemed to be a citizen of Florida and complete diversity exists between the parties.

14. The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. 28 U.S.C. § 1332(a).

15. Plaintiff's Petition alleges that it seeks relief on behalf of "all individuals who were the subject of one or more consumer reports in which the Defendant identified criminal charges and/or records as coming from a Sex Offender Database from November 14, 2018, through the conclusion of this matter." (Exhibit A, ¶ 49).

16. Plaintiff's Petition further alleges that it seeks relief on behalf of "all individuals who were the subject of one or more Consumer Reports in which the Defendant failed to receive the certification required by 15 U.S.C. §1681b(b)(1) from November 14, 2018, through the conclusion of this matter." (Exhibit A, ¶ 49).

17. Plaintiff further states the "Plaintiff believes that during the relevant time period, thousands of individuals would fall within the definition of the Putative Class." (Exhibit A, ¶ 50).

18. Plaintiff seeks an "Order finding that Defendant committed multiple, separate violations of the FCRA," an award of "statutory damages and punitive damages as provided [by] the FCRA" and "reasonable attorneys' fees and costs as provided by the FCRA." (Exhibit A). "In considering whether the amounts and claims alleged satisfy the required amount in controversy, the court looks to state law to determine the nature and extent of the right to be enforced as well as the state measure of damages and the availability of special and punitive damages." *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 684 (D. Minn. 2015).

19. As the party seeking to remove this action, Defendant "need only include a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Mallory v. AT&T*, No. 4:19-CV-00900-DGK, 2020 WL 479263, at *1 (W.D. Mo. Jan. 29, 2020) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014)). When determining the amount in controversy the question before a court "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal citation omitted).

20. Because complete diversity of citizenship exists between Plaintiff and Defendant, and because the amount in controversy in this action exceeds the sum of $75,000, removal to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1446.

### III. Jurisdictional Basis for Removal – Subject Matter Jurisdiction Pursuant to CAFA

21. Under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), this Court has subject-matter jurisdiction over a class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity.

22. A plaintiff who seeks to represent a class may not avoid federal jurisdiction by stipulating that the amount in controversy does not exceed $5 million. *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).

23. Plaintiff's Petition alleges that it seeks relief on behalf of "all individuals who were the subject of one or more consumer reports in which the Defendant identified criminal charges and/or records as coming from a Sex Offender Database from November 14, 2018, through the conclusion of this matter." (Exhibit A, ¶ 49).

24. Plaintiff's Petition further alleges that it seeks relief on behalf of "all individuals who were the subject of one or more Consumer Reports in which the Defendant failed to receive the certification required by 15 U.S.C. §1681b(b)(1) from November 14, 2018, through the conclusion of this matter." (Exhibit A, ¶ 49).

4

25. Plaintiff further states the "Plaintiff believes that during the relevant time period, thousands of individuals would fall within the definition of the Putative Class." (Exhibit A, ¶ 50).

26. Here, the amount in controversy exceeds $5 million, exclusive of interest and costs, the number of members of the proposed class exceeds 100, and at least one member of the class is diverse from Defendant.

**IV.     Jurisdictional Basis for Removal – Supplemental Jurisdiction**

27. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any potential claims brought pursuant to any state, county, or local law that form part of the same controversy.

28. Here, jurisdiction is conferred on this Court, pursuant to 28 U.S.C. § 1367, concerning any claim that Plaintiff may assert in her complaint, which arises under the same facts and that form part of the same controversy.

**III.     Removal to this Court is Otherwise Proper**

29. This Notice of Removal is filed within thirty (30) days of service of the summons and Petition upon Defendant, and is timely under 28 U.S.C. § 1446(b).

30. Venue is proper in this Court because this action was originally filed in Clinton County, Missouri, which is included in this Court's judicial area. 28 U.S.C. § 1441; Local Rule 3.2(a).

31. Defendant has contemporaneously given notice of its filing to Plaintiff and to the Circuit Court of Clinton County, Missouri. A copy of the State Court notice is attached as Exhibit C.

32. Defendant is timely filing its answer to Plaintiff's Petition in this Court within thirty days of service, consistent with Missouri Rule 55.25 and RSMo. § 509.260.

33. Defendant demands a trial by jury on all issues so triable.

34. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

35. Defendant Evolution Consulting, LLC is the only named defendant in this action.

36. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of 1) lack of jurisdiction over the Defendant, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant, Evolution Consulting, LLC hereby notifies all relevant parties that further proceedings in the Circuit Court of Circuit County, Missouri are discontinued and that the suit is removed to the United States District Court for the Western District of Missouri.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jordon T. Stanley*
Craig Mariam, #56736
Jordon T. Stanley, #57027
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
cmariam@grsm.com
jtstanley@grsm.com
*Attorneys for Defendant,
Evolution Consulting, LLC*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on March 16, 2023, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

                                      By:   */s/ Jordon T. Stanley*